O

# United States District Court
# Central District of California

| | |
|---|---|
| ROSALINDA FAVELA MEDINA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NIKE, INC., and DOES 1 to 100 inclusive,<br><br>　　　　　　Defendants. | Case No. 5:18-cv-01485-ODW (KKx)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF [14]** |

## I.　INTRODUCTION AND BACKGROUND

Eber Nicholas Bayona and Candice McGurk Bond (collectively, "Counsel"), counsel for Plaintiff Rosalinda Favela Medina, seek leave to withdraw as counsel. (Mot. for Leave to Withdraw ("Mot."), ECF No. 14.)  Counsel represents that good cause exists for the withdrawal because (1) Plaintiff has refused to allow reasonable negotiations to continue in this action, making it unreasonably difficult to carry out representation, and (2) Plaintiff has misrepresented statements reflected in her medical records such that continuing representation would cause Counsel to violate the rules of professional conduct.  (Mot. 2–3.)

Counsel noticed the motion for hearing on April 15, 2019, at 1:30 p.m., making any written opposition due no later than April 1, 2019.  C.D. Cal. L.R. 7-9.  Plaintiff

did not file an opposition, nor did Defendant. For the reasons that follow, the Court **GRANTS** the Motion.[1]

## II. LEGAL STANDARD

"An attorney may not withdraw as counsel except by leave of court." C.D. Cal. L.R. 83-2.3.2; *see also Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). "A motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action . . . and must be supported by good cause." C.D. Cal. L.R. 83-2.3.2. In determining whether good cause is shown, a court may consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Liang v. Cal-Bay Int'l, Inc.*, No. 06-cv-1082–WMc, 2007 WL 3144099, at *1 (S.D. Cal. Oct. 24, 2007) (citation omitted).

A court may also consider any relevant rules of professional conduct. *Austin Inv. Fund, LLC v. United States*, No. SACV 11-750 DOC ANx, 2011 WL 4947550, at *1 (C.D. Cal. Oct. 17, 2011). The decision to grant or deny a motion to withdraw as counsel for a party is within the Court's discretion. *See Huntington Learning Ctrs., Inc. v. Educ. Gateway, Inc.*, No. 09-cv-3200-PSG (VBKx), 2009 WL 2337863, at *1 (C.D. Cal. July 28, 2009); *see also United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009) (reviewing denial of motion to withdraw for abuse of discretion).

## III. DISCUSSION

Counsel argues that permissive withdraw is warranted because Plaintiff has refused to allow reasonable negotiations to continue in this action, making it unreasonably difficult to carry out representation. (Mot. 3.) A lawyer may withdraw from representation where "the client . . . renders it unreasonably difficult for the

---

[1] After considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

lawyer to carry out the representation effectively." Cal. R. Prof'l Conduct 1.16(b)(4) (Nov. 1, 2018). However, "[o]nly the client . . . may decide whether to make or accept an offer of settlement." *Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (citing *In re Falco*, 188 Cal. App. 3d 1004, 1018 (1987) ("A client's refusal to accept a settlement cannot in itself constitute cause for withdrawal.")); *see also* Cal. R. Prof'l Conduct 1.2(a) (requiring a lawyer to "abide by a client's decision whether to settle a matter"). Counsel's first argument does not support withdrawal.

Counsel also argues that mandatory withdrawal is warranted because Plaintiff misrepresented statements reflected in her medical records that are intended to be used by Counsel. (Mot. 2.) "A lawyer shall withdraw from the representation of a client if: . . . the lawyer knows\* or reasonably should know\* that the representation will result in violation of these rules." Cal. R. Prof'l Conduct 1.16(a)(2). Counsel contends that continuing representation would result in a violation of Rule 4.1, which states "a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person." Plaintiff has not challenged Counsel's representations, and the Court finds no basis to doubt Counsel's concerns. The Court therefore finds good cause to permit Counsel to withdraw from representation.

However, "[u]nless good cause is shown and the ends of justice require, no substitution or relief of attorney will be approved that will cause delay in prosecution of the case to completion." C.D. Cal. L.R. 83-2.3.5. Here, although Counsel's withdrawal will leave Plaintiff *pro se*, it should not cause delay or prejudice in this action. Trial is currently set for September 2019, five months away, so the likelihood of delay is minimal. (Scheduling and Case Management Order 24, ECF No. 9.) Counsel notified Plaintiff in writing that Counsel would be seeking to withdraw as her attorney, affording her time to seek substitute counsel. (Decl. of Eber Nichols Bayona ¶ 3, Ex. A, ECF No. 14-4.) Further, the Court received no opposition or objection to Counsel's Motion, including from Plaintiff, indicating a lack of prejudice to other litigants.

Counsel has established good cause for withdrawal, and it does not appear that withdrawal will unduly prejudice the parties, harm the administration of justice, or unduly delay the resolution of this case. Accordingly, the Court **GRANTS** Counsel's Motion for Leave to Withdraw.

Should Plaintiff decide to continue as a *pro se* litigant in this case, the Court advises her to carefully review the Federal Rules of Civil Procedure, the Local Rules, and this Court's Case Management Order before proceeding further. The Court notes that a Federal Pro Se Clinic offers free information and guidance to individuals who are representing themselves in federal civil actions. The Los Angeles Clinic operates by appointment only. Appointments are available either by calling the Clinic or by using an internet portal. The Clinic can be reached at (213) 385-2977, ext. 270 or via an internet request at the following site: http://prose.cacd.uscourts.gov/los-angeles. Clinic staff can respond to many questions with a telephonic appointment or through an email account. It may be more convenient to email questions or schedule a telephonic appointment. Staff can also schedule an in-person appointment at their location in the Roybal Federal Building and Courthouse, 255 East Temple Street, Suite 170, Los Angeles, California 90012. Plaintiff is encouraged to visit the Clinic or otherwise consult with an attorney.

## IV. CONCLUSION

For the foregoing reasons, Counsel's Motion for Leave to Withdraw as Counsel for Plaintiff is hereby **GRANTED**. (ECF No. 14.) It is hereby ordered that:

1. Counsel shall file with the Court a (Proposed) Order on Request for Approval of Substitution or Withdrawal of Attorney, G-01 Order, providing Plaintiff's contact information, including her mailing address, e-mail address, and telephone number, **within five days** of the date of this Order.
2. Counsel may withdraw from representation of Plaintiff in this action upon filing the (Proposed) Order.
3. Counsel shall serve a copy of this Order on Plaintiff **within five days** of the date of this Order.

**IT IS SO ORDERED.**

April 23, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**